

**ORIGINAL**

1  vincegarridojury

2  LEONARDO M. RAPADAS
   United States Attorney
3  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagatna, Guam 96910
   TEL: (671) 472-7332
6  FAX: (671) 472-7334

7  Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

OCT 2 9 2007 nb

JEANNE G. QUINATA
Clerk of Court

8
9          IN THE UNITED STATES DISTRICT COURT

10             FOR THE DISTRICT OF GUAM

11 UNITED STATES OF AMERICA,      )    CRIMINAL CASE NO. 07-00074
                                  )
12                   Plaintiff,   )
                                  )
13          vs.                   )    **UNITED STATES' PROPOSED**
                                  )    **JURY INSTRUCTIONS**
14 VINCE P.T. GARRIDO,            )
                                  )
15                   Defendant.   )
                                  )
16 ────────────────────────────────

17      In addition to the Court's usual instructions, the Government hereby requests the Court to

18 instruct the jury as set forth in the attached proposed jury instructions. In addition, an

19 unnumbered set, without authorities, is submitted on diskette in the event the Court wishes to

20 submit the instructions to the jury.

21      RESPECTFULLY SUBMITTED this 29 day of October, 2007.

22

23                              LEONARDO M. RAPADAS
                                United States Attorney
24                              Districts of Guam and NMI

25

26              By:

27                              ROSETTA L. SAN NICOLAS
                                Assistant U.S. Attorney
28

# INDEX

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 1 | Duties of Jury to Find Facts and Follow Law | 1 |
| 2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof | 2 |
| 3 | Reasonable Doubt - Defined | 4 |
| 4 | What is Evidence | 5 |
| 5 | What is Not Evidence | 6 |
| 6 | Direct and Circumstantial Evidence | 7 |
| 7 | Credibility of Witnesses | 8 |
| 8 | Evidence of Other Acts of Defendant or Acts and Statements of Others | 9 |
| 9 | Statements by Defendant | 10 |
| 10 | Other Crimes, Wrongs or Acts of Defendant | 11 |
| 11 | Opinion Evidence, Expert Witness | 12 |
| 12 | Knowingly | 13 |
| 13 | Dates | 14 |
| 14 | Possession Defined | 15 |
| 15 | Hobbs Act Robbery | 16 |
| 16 | Using or Carrying a Firearm During a Crime of Violence | 17 |
| 17 | Duty to Deliberate | 18 |
| 18 | Consideration of Evidence | 19 |
| 19 | Use of Notes | 20 |
| 20 | Jury Consideration of Punishment | 21 |
| 21 | Verdict Form | 22 |
| 22 | Communication with the Court | 23 |

-i-

INSTRUCTION NO. 1

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.1

-1-

INSTRUCTION NO. __2__

## CHARGES AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The indictment in this case accuses the defendant, VINCE P.T. GARRIDO, of Hobbs Act Robbery and Using and Carrying a Firearm During a Crime of Violence.

The indictment says that - Count 1 - 1. At all times material to this Indictment, House of Liberty Game Room, District of Guam, was engaged in the business of gaming and selling of retail and commercial items. House of Liberty Game Room's operations affected interstate and foreign commerce.

2. On or about March 21, 2007, in the District of Guam, VINCE P.T. GARRIDO the defendant, unlawfully, willfully and knowingly committed robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), by unlawfully taking and obtaining personal property in the possession of a person, Josh J. Ninete, a cashier and employee of the House of Liberty Game Room, against that person's will, by means of actual and threatened force, and violence, and fear of injury, immediate or future, to that person and that person's property, and property in that person's custody and possession, and thereby obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), in violation of Title 18, United States Code, Section 1951(a) and 2.

Count II - 3. The Grand Jury realleges, adopts, and incorporated by reference herein, the allegations contained in paragraphs 1 and 2 as if fully set forth herein.

4. On or about March 21, 2007. in the District of Guam, VINCE P.T. GARRIDO, the defendant, unlawfully, wilfully and knowingly, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, namely, the Hobbs Act Robbery charged in Count One of this Indictment, used and carried a firearm, and in furtherance of such crimes, possessed such firearm, and brandished such firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

-2-

1    The indictment is not evidence. The defendant has pleaded not guilty to the charges.
2    The  defendant is presumed to be innocent and does not have to testify or present any evidence to
3    prove innocence. The government has the burden of proving every element of the charge beyond
4    a reasonable doubt.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26    AUTHORITY:  Manual of Model Jury Instructions for the
                 Ninth Circuit, 2003 Ed., § 3.2
27
28

-3-

INSTRUCTION NO. _3_

<u>REASONABLE DOUBT - DEFINED</u>

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.5

-4-

INSTRUCTION NO. 4

WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 3.6

-5-

INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 3.7

-6-

INSTRUCTION NO. 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY:  Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 3.8

-7-

Case 1:07-cr-00074    Document 16    Filed 10/29/2007    Page 9 of 24

INSTRUCTION NO. 6

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY:  Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 3.8

-7-

Case 1:07-cr-00074

INSTRUCTION NO. _7_

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY:  Manual of Model Jury Instructions for the
            Ninth Circuit, 2003 Ed., § 3.9

-8-

INSTRUCTION NO. 8

## EVIDENCE OF OTHER ACTS OF DEFENDANT OR ACTS
## AND STATEMENTS OF OTHERS

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against the defendant.

AUTHORITY:  Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 3.10

-9-

1

INSTRUCTION NO. 9

2

STATEMENTS BY DEFENDANT

3

4    You have heard testimony that the defendant made statements. It is for you to decide (1)

5    whether the defendant made the statements and (2) if so, how much weight to give to it. In

6    making those decisions, you should consider all of the evidence about the statement, including

7    the circumstances under which the defendant may have made it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    AUTHORITY:  Manual of Model Jury Instructions for the
27                         Ninth Circuit, 2003 Ed., § 4.1

28

-10-

INSTRUCTION NO. <u>10</u>

<u>OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT</u>

You have heard evidence of other wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent, knowledge, absence of mistake or accident and for no other purpose.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 4.3

-11-

1

2 INSTRUCTION NO. _11_

3 OPINION EVIDENCE, EXPERT WITNESS

4 You have heard testimony from persons who, because of education or experience, are

5 permitted to state opinions and the reasons for their opinions.

6 Opinion testimony should be judged just like any other testimony. You may accept it or

7 reject it, and give it as much weight as you think it deserves, considering the witness' education

8 and experience, the reasons given for the opinion, and all the other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2003 Ed., § 4.17

28

-12-

INSTRUCTION NO. 12

## KNOWINGLY

An act is done knowingly if a defendant is aware of the act and does not act through ignorance, mistake or accident. The government is not required to prove that a defendant knew that his acts or omissions were unlawful. You may consider evidence of a defendant's words, acts or omissions, along with all the other evidence, in deciding whether a defendant acted knowingly.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 5.6

-13-

INSTRUCTION NO. _13_

## DATES

The indictment charges that the crime occurred between certain dates. The Government does not have to prove that the crime happened on those exact dates. But the Government must prove that the crime occurred reasonably close to the dates alleged in the indictment.

AUTHORITY: <u>U.S. v. Laykin</u>, 886 F.2d 1534, 1543 (9th Cir. 1989).

-14-

INSTRUCTION NO. 14

<u>POSSESSION - DEFINED</u>

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

AUTHORITY:     <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 3.18

-15-

INSTRUCTION NO. 15

HOBBS ACT ROBBERY

(18 U.S.C. §1951(a)(1))

The defendant is charged in Count I of the indictment with extortion by force in violation of Section 1951 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced Josh J. Ninete to part with property by the wrongful use of threat of force or fear;

Second, the defendant acted with the intent to obtain the property that the defendant knew he was not entitled to receive;

Third, interstate or foreign commerce was affected in some way; and

AUTHORITY:     Manual of Jury Instructions for
               the Ninth Circuit, 2003 Ed. 8.1117

-16-

INSTRUCTION NO. 16

## **USING OR CARRYING A FIREARM DURING A CRIME OF VIOLENCE**

### (18 U.S.C. §924(C)(1)(A)(ii) and 2)

The defendant is charged in Count II of the indictment with using and carrying a firearm during and in relation to a crime of violence in violation of Section 924(c)(1)(a)(ii) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Hobbs Act Robbery as charged in Count I of the indictment];

Second, the defendant knowingly used carried a firearm, and

Third, the defendant used carried the firearm during and in relation to the crime.

A defendant has "used" a firearm if he or she has actively employed the firearm in relation to the Hobbs Act Robbery. Use includes any of the following:

(1) brandishing, displaying, a firearm;

(2) referring to a firearm in the offender's possession in order to bring about a change in the circumstances of the predicate offense;

(3) the silent but obvious and forceful presence of a firearm in plain view.

A defendant carries a firearm if the defendant knowingly possesses or carries the firearm. Carrying is not limited to carrying weapons directly on the person, but can include circumstances such as carrying in a vehicle or a locked compartment of a vehicle.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

AUTHORITY:    Manual of Jury Instructions for
              the Ninth Circuit, 2003 Ed. 8.65

-17-

INSTRUCTION NO. <u>17</u>

<u>DUTY TO DELIBERATE</u>

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.1

-18-

INSTRUCTION NO. <u>18</u>

<u>CONSIDERATION OF EVIDENCE</u>

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Some of you have taken notes during the trial.  Such notes are only for the personal use of the person who took them.

AUTHORITY:  <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.2

-19-

INSTRUCTION NO. 19

## USE OF NOTES

    Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2003 Ed., § 7.3

-20-

INSTRUCTION NO. 20

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2003 Ed., § 7.4

-21-

INSTRUCTION NO. <u>22</u>

<u>COMMUNICATION WITH THE COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2003 Ed., § 7.6

-23-