JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
VINCENT P.T. GARRIDO

FILED
DISTRICT COURT OF GUAM

NOV - 7 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 07-00074 |
| | ) | |
| Plaintiff, | ) | MOTION IN LIMINE |
| | ) | |
| vs. | ) | |
| | ) | |
| VINCENT P.T. GARRIDO, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the defendant, VINCENT P.T. GARRIDO, through counsel, John T. Gorman, Federal Public Defender, and moves this Honorable Court in limine to preclude and deem inadmissible at trial the following evidence as identified herein.

This motion is supported by the following points and authorities, and is based on the grounds that the evidence listed below is either not admissible and is not relevant under Rule 402 of the Federal Rules of Evidence (Fed. R. Evid.), or if relevant, is more prejudicial than probative and thus, inadmissible under Fed. R. Evid. 403.

**ORIGINAL**

## PROCEDURAL AND FACTUAL BACKGROUND

On August 8, 2007, the defendant, Vincent P.T. Garrido (Garrido) was charged by indictment with one count of Hobbs Act Robbery, pursuant to 18 U.S.C. § 1951 & 2, and one count of Using and Carrying a Firearm During a Crime of Violence, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) & 2. The two counts are based on allegations that on March 22, 2007, at approximately 2:15 a.m., Garrido committed an armed robbery of the House of Liberty Game Room here on Guam.

Garrido does not dispute the first count of the Hobbs Act Robbery. The sole issue at trial is whether the government can prove beyond a reasonable doubt the second count of using and carrying a firearm during this robbery.

Garrido opposes the introduction of any evidence unrelated to the issue of whether a firearm was used in this robbery as irrelevant under Fed. R. Evid. 402, and even if relevant, still barred under Fed. R. Evid. 403 as more prejudicial than probative.

The evidence sought to be excluded includes:

1. Government's proposed exhibits 1-3, Garrido's Booking Photographs;

2. All purported evidence and testimony regarding any illegal drugs and/or paraphernalia recovered during Garrido's arrest at the Golden Motel on March 22, 2007;

3. All purported evidence and testimony regarding any sexual aids or devices recovered during Garrido's arrest at the Golden Motel on March 22, 2007;

4. All purported evidence and testimony from government witness, Lorman N. Norte, regarding Garrido's past firearm possession, including but not limited to, observing Garrido with

2

a .357 hand gun approximately one year before March 22, 2007;

     5. All purported evidence and testimony from government witness, Christine L. Benavente, regarding Garrido's past firearm possession, including but not limited to, observing Garrido with a black revolver approximately one month before March 22, 2007; and

     6. Government's proposed Exhibits 8-10;

     No. 8. Guam Certificate of Firearm Registration, dated 3/15/93, for a 380 pistol, registered to a Vince PT Garrido:

     No. 9. Guam Certificate of Firearm Registration, dated 11/23?/04, for a 22 caliber pistol, registered to a Vince PT Garrido:

     No. 10. Guam Certificate of Firearm Registration, dated 6?/6/95, for a 380 pistol, registered to a Vince PT Garrido:

## ARGUMENT

<u>The Evidence and Testimony in Question Should Not Be Admitted as it Is Irrelevant under Fed. R. Evid. 402, and Even If Relevant, Should Not Be Admitted as it Is Unduly Prejudicial under Fed. R. Evid. 403.</u>

The Federal Rules of Evidence will only allow the introduction of relevant evidence. Fed. R. Evid. 402. In turn, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 402. The above listed alleged evidence is simply not relevant as they are not related to any fact of consequence as to whether Garrido possessed a firearm on March 22, 2207, at approximately 2:15 a.m., at the House of Liberty

3

game room.

Clearly the booking photographs, illegal drugs, paraphernalia and sexual aids recovered during Garrido's arrest are irrelevant and are inadmissible under Fed. R. Evid. 402. They shed no light on whether Garrido possessed a firearm on the date and time in question.

Garrido also submits that the 12-14 year old firearm's registrations, the alleged testimony of him being seen with a pistol approximately one year prior and one month prior to the incident are also irrelevant and inadmissible under Fed. R. Evid. 402.

Even if this Court were to find this alleged testimony marginally relevant, it is still inadmissible under Fed. R. Evid. 403 as it is more prejudicial than probative. The above alleged evidence regarding Garrido's past firearm possession is simply not relevant as it is not related to any fact of consequence: (a) Did he possess a firearm on March 22, 2007, at the House of Liberty game room. Past firearm possession, whether a month, a year or decades old is simply irrelevant as it would not have any tendency of proving any fact of consequence *on the date at issue*. In any event, should the Court find that this alleged evidence is relevant, this testimony would fall in the "more prejudicial than probative" classification of Fed. R. Evid. 403 as it would present the jury with purported evidence of past conduct very similar in kind to the offense charged. On the basis of this information, the jury could wrongfully convict Garrido by theorizing that if he engaged in the alleged possession of these firearms in the months, years or decades past, it would be unlikely for him not to be responsible for the offense charged on this particular date. In addition, this alleged evidence would constitute "needless presentation of cumulative evidence." See Fed. R. Evid. 403.

4

## CONCLUSION

Based on all of the above, Garrido respectfully requests this Court grant the motion in limine to preclude and deem inadmissible the above mentioned evidence at trial.

DATED: Mongmong, Guam, November 7, 2007.

JOHN T. GORMAN
Attorney for Defendant
VINCENT P.T. GARRIDO

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on November 7, 2007:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, November 7, 2007.

ALEXANDER A. MODABER
Investigator