

1  vincegarridomot

2  LEONARDO M. RAPADAS
   United States Attorney
3  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
4  Suite 500 Sirena Plaza
   108 Hernan Cortez Ave.
5  Hagatna, Guam  96910
   PHONE: 472-7332
6  FAX: 472-7334

7  Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

NOV - 9 2007
2:4̶

JEANNE G. QUINATA
Clerk of Court

8

9                   IN THE UNITED STATES DISTRICT COURT

10                      FOR THE TERRITORY OF GUAM

11  UNITED STATES OF AMERICA,          ) CRIMINAL CASE NO.  07-00074
                                       )
12              Plaintiff,             )
                                       )
13        vs.                          ) **OPPOSITION TO DEFENDANT'S**
                                       ) *MOTION IN LIMINE*
14                                     )
    VINCE P.T. GARRIDO,                )
15                                     )
                Defendant.             )
16  _____)

17

18          **OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE***

19          Defendant requests this Court *in limine* to exclude evidence, arguing that evidence should

20  be excluded under Federal Rules of Evidence (Fed. R.Evid.) 402 and Fed. R. Evid. 404.   The

21  Government files this opposition in response.

22                         **STATEMENT OF FACTS**

23          On March 21, 2007, at 2:00 in the morning, Denanche Security Guard Phillip Sablan was

24  monitoring the exterior of the House of Liberty Game Room in Wusstig Road, Dededo.  Phillip

25  Sablan then observed a vehicle, an older model Nissan Sentra drive in front of the House of

26  Liberty Game Room and reverse into a parking stall.  Phillip Sablan saw a male get out of the

27

28                                        1

passenger seat. The male walked directly towards Phillip Sablan, pointed a handgun with a laser sight at his eyes and stated "Move and you die!" Phillip Sablan immediately recognized the man to be Vince Garrido. The defendant then pulled a white piece of fabric over his face. Phillip Sablan would later describe Vincent Garrido as having long hair, a beard, with decayed teeth.

Defendant then forced Phillip Sablan to enter the Game Room. Phillip Sablan was followed closely by the other male (driver of the Nissan) who wore a black mask over his head. Customers were instructed to lay on the floor. The male with the black mask forced Phillip Sablan to lay on the floor. The man with the black mask then took Phillip Sablan's handcuffs and cuffed both of his hands behind his back. He then removed Sablan's cellular phone, radio, and electronic Taser from his belt and stood above him.

Vince Garrido pointed the gun at Josh Ninete, Cashier who was in a cashier booth. Vince Garrido shouted "Open the door or I'll shoot!" Josh Ninete complied. Garrido entered the cashier cage and demanded that Josh Ninete place money into a net bag. Josh Nintete was so frightened that he had difficulty opening the net bag. Josh Ninete then opened the two company safes and handed over U.S. Currency to Garrido. Garrido instructed Josh Ninete to lay on the ground and stated that if he moved, he would be shot. The House of Liberty Game Room was robbed of approximately $9,000.00 in cash that night.

Based on Phillip Sablan's identification, Guam Police began looking for Vincent Garrido. They proceeded to his girlfriend's home, Christine Benavente. She reported that she last saw the defendant he was wearing dark clothing with a surfer emblem, jeans, had long hair, a beard, and a mustache. When he returned, he had shaved his hair, beard and moustache off. Christine Benavente reported that the defendant had a black revolver one month ago. She recalls the revolver because he and a friend "Mark" were shooting the weapon at her ranch.

Police learned that the defendant had rented a Nissan car from Cars, Unlimited. They also discovered that he had returned the Nissan, and substituted a woman named Rosario Leon Guerrero as the rentor.

2

Guam Police located the Nissan at the Golden Motel and learned that the defendant and Rosario Leon Guerrero had rented a room for one night. Police located Vince Garrido and Rosario Leon Guerrero. Officer J.M. Dodd conducted a pat down of the defendant which revealed methamphetamine, a methamphetamine pipe, $1,369.01 in U.S. currency ($879.10 from in his pockets and $490.00 from a sock stuffed with cash which was tucked in his pants).

Officer Jason Dodd spoke with the Defendant Vince Garrido. Garrido stated that he robbed the game room by Wusstig Road this morning. He stated that he only robbed one game room and needed money. He also stated that he did not have a real gun, but used a plastic toy gun which shot bb's which he painted black to make it look more realistic. Defendant stated that he broke the gun into several pieces and threw it out of the window of his vehicle. He admitted that he created a white mask out of a t-shirt which he cut. He claimed that both the bb gun and the white mask were thrown along the road near a shortcut which connects C&H Farms to Wusstig Road. Garrido also stated that he would be killed if he told who helped him commit the robbery. Defendant stated that he bought "ice" that evening and had already smoked some. He then accepted responsibility for the robbery.

Defendant was interviewed at Guam Police Department Criminal Investigative Services. Defendant waived his constitutional rights and stated that he was motivated by the desire for money and copied other robberies using a fake gun. He stated that he committed the robbery between 1:00 and 2:00 in the morning on March 22, 2007.

Police determined that the the defendant possessed and has access to three firearms: 1) a Davis pistol .380 purchased from The Firing Line, 2) a Davies Industries Pistol D-22 from the Firing Line, 3) and a B-West Pistol from PACOR.

Defense filed a motion *in limine* to exclude the following items. The Government files this response.

//

//

### 1. Garrido's Booking Photographs

Eyewitness Phillip Sablan (Denanche Security Guard) described defendant Vincent P.T. Garrido's as having "long, shoulder length hair with a beard...". He also reported that he knew the defendant from the village of Dededo, Guam. Eighteen hours later, Police located defendant Vincent P.T. Garrido who had checked into a room at the Golden Motel with a woman named Rosario Leon Guerrero. Notably, the defendant was bald and had shaved off both his beard and the hair on his head.

Defendant's booking photographs were taken shortly after the House of Liberty robbery. The photographs show that the defendant changed his appearance immediately after the robbery. This demonstrates consciousness of guilt. The Ninth Circuit has approved of a consciousness of guilt instruction in U.S. v. Perkins, 937 F.2d 1397 (9th Cir. 1991) holding "A change of appearance instruction contemplates some independent evidence indicating that the defendant himself actually changed his appearance. Thus, when a defendant is known shortly after the commission of a crime to have cut his hair, shaved off facial hair, or changed his hair color, the jury can consider this as evidence of consciousness of guilt and consider it in light of other evidence in deciding whether the defendant is guilty." Perkins, at 1403. A change of appearance indicates an "awareness of guilt and fear of identification." Id, at 1043.

The photographs explain the defendant's chance in appearance from the evening of the robbery to his detention 18 hours later. The photos are relevant to show the identity of the defendant and explain the change in appearance. The probative value of the photographs outweigh the prejudicial impact to the defendant. Additionally, the photographs directly rebut the defendant's defense of mere presence, as a change of appearance indicates consciousness of guilt.

### 2. Illegal drugs and Paraphernalia from the Golden Motel

The Government does not intend to introduce any evidence of the one gram of methamphetamine or the methamphetamine pipe found in the defendant's pants.

4

### 3. The Pink Sexual Aids And Two 1.5 volt Alkaline Batteries

The Government does not intend to introduce any evidence to the jury pertaining to the defendant's sexual aids or his batteries which were found in his pocket.

### 4. Proof that the Defendant Held a Firearm - Lorman N. Norte's Testimony

Lorman N. Norte told Police that he saw the defendant, his co-worker, with a .357 revolver a year ago. He described the gun the defendant held as being silver with a brown grip.

The Government does not intend to call this witness, however reserves the right to use this and any other relevant witness in rebuttal.

### 5. Proof that the Defendant Held a Firearm - Christine L. Benavente

Defendant's girlfriend Christine L. Benavente told Police that the defendant possessed a firearm in the month of February, 2007. She described the firearm as a revolver, and witnessed the defendant shoot the firearm at her property in Yigo, Guam.

The Government intends to call this witness to testify that the defendant possessed a firearm, that is a weapon designed to expel a projectile through the use of an explosive. Proof of a firearm is an element of the offense of the second count in the Indictment.

> Title 18 U.S.C. §921 defines firearm as "The term "firearm" means (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; ( c) any firearm muffler or firearm silencer; or (D) any destructive device."

The Government has the burden of proof to show that the defendant used and carried a firearm, an element of the offense. The probative value of the recent possession of the firearm weeks before the robbery outweighs any prejudicial impact. Additionally given that the defendant proffers the defense of mere presence and will likely argue in his case in chief that the gun used was a plastic b-b gun or pellet gun. The evidence of an actual firearm, capable of projecting an projectile through the use of an explosive, and within the defendant's physical custody is highly relevant to proving the count in the Indictment. The probative value in proving elements of the offense far outweighs any prejudice to the defendant.

5

6. **Exhibits 8-10 (Registration for a .380 pistol, a .22 caliber pistol, and a .380 pistol).**

The Government intends to use Exhibits 8-10 to prove that the defendant possessed and has access to three firearms: 1) a Davis pistol .380 purchased from The Firing Line, 2) a Davies Industries Pistol D-22 from the Firing Line, 3) and a B-West Pistol from PACOR. Since the defendant proffers the defense of mere presence or alternatively claims that the firearm was a plastic b-b gun or pellet gun, proof of the existence of actual pistols is relevant to the Counts in the Indictment.

## CONCLUSION.

The Government respectfully requests that defendant's Motion in Limine be denied.

Respectfully submitted this 9th day of November, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By:  _____

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

6