

vincegarridotrial

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500 Sirena Plaza
108 Hernan Cortez Ave.
Hagatna, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM

NOV - 9 2007

JEANNE G. QUINATA
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00074 |
| Plaintiff, | |
| vs. | GOVERNMENT'S TRIAL MEMORANDUM |
| VINCE P.T. GARRIDO, | |
| Defendant. | |

### STATEMENT OF FACTS

On March 21, 2007, at 2:00 in the morning, Denanche Security Guard Phillip Sablan was monitoring the exterior of the House of Liberty Game Room in Wusstig Road, Dededo. Phillip Sablan then observed a vehicle, an older model Nissan Sentra drive in front of the House of Liberty Game Room and reverse into a parking stall. Phillip Sablan saw a male get out of the passenger seat. The male walked directly towards Phillip Sablan, pointed a handgun with a laser sight at his eyes and stated "Move and you die." Phillip Sablan immediately recognized the man to be Vince Garrido. The defendant then pulled a white piece of fabric over his face. Phillip Sablan would later describe Vincent Garrido as having long hair, a beard, with decayed teeth.

1

Defendant then forced Phillip Sablan to enter the Game Room. Phillip Sablan was followed closely by the other male (driver of the Nissan) who wore a black mask over his head. Customers were instructed to lay on the floor. The male with the black mask forced Phillip Sablan to lay on the floor. The man with the black mask then took Phillip Sablan's handcuffs and cuffed both of his hands behind his back. He then removed Sablan's cellular phone, radio, and electronic Taser from his belt and stood above him.

Vince Garrido pointed the gun at Josh Ninete, Cashier who was in a cashier booth. Vince Garrido shouted "Open the door or I'll shoot!" Josh Ninete complied. Garrido entered the cashier cage and demanded that Josh Ninete place money into a net bag. Josh Nintete was so frightened that he had difficulty opening the net bag. Josh Ninete then opened the two company safes and handed over U.S. Currency to Garrido. Garrido instructed Josh Ninete to lay on the ground and stated that if he moved, he would be shot. The House of Liberty Game Room was robbed of approximately $9,000.00 in cash that night.

Based on Phillip Sablan's identification, Guam Police began looking for Vincent Garrido. They proceeded to his girlfriend's home, Christine Benavente. She reported that she last saw the defendant he was wearing dark clothing with a surfer emblem, jeans, had long hair, a beard, and a mustache. When he returned, he had shaved his hair, beard and moustache off. Christine Benavente reported that the defendant had a black revolver one month ago. She recalls the revolver because he and a friend "Mark" were shooting the weapon at her ranch.

Police learned that the defendant had rented a Nissan car from Cars, Unlimited. They also discovered that he had returned the Nissan, and substituted a woman named Rosario Leon Guerrero as the rentor.

Guam Police located the Nissan at the Golden Motel and learned that the defendant and Rosario Leon Guerrero had rented a room for one night. Police located Vince Garrido and Rosario Leon Guerrero. Officer Jason Dodd spoke with the Defendant Vince Garrido. Garrido stated that he robbed the game room by Wusstig Road this morning. He stated that he only

2

robbed one game room and needed money. He also stated that he did not have a real gun, but used a plastic toy gun which shot bb's which he painted black to make it look more realistic. Defendant stated that he broke the gun into several pieces and threw it out of the window of his vehicle. He admitted that he created a white mask out of a t-shirt which he cut. Both the bb gun and the white mask were thrown along the road near a shortcut which connects C&H Farms to Wusstig Road. Garrido also stated that he would be killed if he told who helped him commit the robbery. Defendant stated that he bought "ice" that evening and had already smoked one. He then accepted responsibility for the robbery.

Defendant was interviewed at Guam Police Department Criminal Investigative Services. Defendant waived his constitutional rights and stated that he was motivated by the desire for money and copied other robberies using a fake gun. He stated that he committed the robbery between 1:00 and 2:00 in the morning on March 22, 2007.

Police determined that the the defendant possessed and has access to three firearms: 1) a Davis pistol .380 purchased from The Firing Line, 2) a Davies Industries Pistol D-22 from the Firing Line, 3) and a B-West Pistol from PACOR.

## FEDERAL RULE OF EVIDENCE § 801

The Government notes that under the Federal Rules of Evidence §801, exculpatory statements by the defendant are inadmissible under the hearsay rule.

In U.S. v. Willis, 759 F.2d 1486 (9th Cir. 1985), defense attempted to cross-examine an Agent to testify to the defendant's exculpatory statements made at the time of arrest. The Ninth Circuit Court of Appeals held "Obviously, the defense sought to place Mahdi's remarks before the jury without subjecting Mahdi to cross-examination. This is precisely what is forbidden by the hearsay rule." Willis, at 1501. Hence, the statements made by the defendant that the firearm was not real, was a bb gun, etc. are hearsay statements and may only be made by the defendant in his case in chief. In U.S. v. Fernandez, 839 F.2d 639 (9th Cir. 1988), a defendant attempted to admit his exculpatory statement that he denied committing the robbery to a F.B.I.

Case 1:07-cr-00074 Document 29 Filed 11/09/2007 Page 3 of 4

1 | Agent. The Ninth Circuit held "Fernandez was not prevented from introducing his denial - he
2 | could have testified to the statement himself. He chose not to testify. It seems obvious defense
3 | counsel wished to place Fernandez's statement to Bateman before the jury without subjecting
4 | Fernandez to cross-examination, precisely what the hearsay rule forbids." Fernandez, at 639.

5 | The Government files this Memorandum regarding Federal Rule of Evidence 801.

6 | Respectfully submitted this 9th day of November, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

4

Case 1:07-cr-00074    Document 29    Filed 11/09/2007    Page 4 of 4