

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM
NOV 1 6 2007
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00074 |
| Plaintiff, ) | |
| vs. ) | UNITED STATES MEMORANDUM CONCERNING TESTIMONY OF AGENT HOANG NGUYEN |
| VINCE P.T. GARRIDO, ) | |
| Defendant. ) | |

This memorandum is filed in response to the objection offered by Mr. Gorman to the testimony of AFT S/A Nguyen.

First, to clarify this office's procedures concerning discovery. The United States is not required to provide any discovery beyond that of Rule 16 and the constitutional requirements of Brady. This office, however, routinely provides the defense with the basic case reports so that counsel can understand the strength of the government's case and make an intelligent

1

recommendation to his client, whether to accept the government's proffered guilty plea. Thus, the only reason the government provides its agency reports is in the interests of judicial and government efficiency. The moment the defense advises it will go to trial, all such sharing of information comes to an end, and the government thereafter provides only the information required by Rule 16 and the Constitution. As of last week, defendant advised he would go to trial. Accordingly, any reports, notes, or other non-exculpatory information elicited by the government during its pretrial interviews of witnesses was not provided: there was no reason to believe it would induce the defendant to plead guilty.

Agent Nguyen will testify as follows:

> " I am a federal agent. In the course of my duties I was issued a .40 caliber pistol. I know it is a .40 caliber pistol because stamped on the barrel of the weapon are the words "Sig Sauer Model ####, Serial number #####. .40 caliber. I showed this weapon to the witness, Mr. Sablan, and he told me that the diameter of the barrel of my weapon is the approximate size of the barrel of the weapon that was shoved in his face the night of the robbery."

This testimony is not the sort of scientific test or scientific experiment for which the government is required by Rule 16(a)(1)(F). The notes to the Rule, page 103 of the 2007 Edition of the Federal Code and Rules, indicate the reason for this rule is that one needs advance preparation to examine expert testimony due to its complexity, that such evidence is unlikely to be distorted or misused. It is not the sort of scientific experimentation discussed in <u>Kumho Tire Company v. Carmichael</u>, 526 U.S. 137 (1999), or in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). The Advisory Committee Notes to Federal Rule of Evidence 702 on testimony of experts, talk about techniques, extrapolation of data, opinion evidence based upon test analysis, and all the criteria with which one is concerned in a scientific investigation.

2

Agent Nguyen's testimony is no different from a person saying: I drive a 2004 Toyota Matrix. I know it's a 2004 Toyota Matrix because it has the words 'Toyota Matrix" on the back of the car." Agent Nguyen's testimony is not even opinion testimony by a lay witness, as covered by FRE 701. He did not employ any special expertise to reads the label on his gun and conclude from the label that it is a .40 caliber. Accordingly, his testimony was not discoverable under Rule 16.

Respectfully submitted this __16th__ day of November, 2007.

        LEONARDO M. RAPADAS
        United States Attorney
        Districts of Guam and NMI

By: _____
        ROSETTA L. SAN NICOLAS
        Assistant U.S. Attorney

3

Case 1:07-cr-00074   Document 35   Filed 11/16/2007   Page 3 of 3