Read to the
Jury by
CJTG
11/19/07

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07-00074 |
| Plaintiff, | |
| vs. | |
| VINCE P.T. GARRIDO, | |
| Defendant. | |

**FILED**
DISTRICT COURT OF GUAM

NOV 19 2007 ✗

JEANNE G. QUINATA
Clerk of Court

# CLOSING JURY INSTRUCTIONS

Dated: 11/19/07

District Court Chief Judge
**Frances M. Tydingco-Gatewood**

## COURT'S INSTRUCTION NO. 1

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

# COURT'S INSTRUCTION NO. 2

## CHARGES AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of each charge beyond a reasonable doubt.

**COURT'S INSTRUCTION NO. 3**

**DEFENDANT'S DECISION NOT TO TESTIFY**

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

# COURT'S INSTRUCTION NO. 4
## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

# COURT'S INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

      (1)    the sworn testimony of any witness; and

      (2)    the exhibits which have been received into evidence.

# COURT'S INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. ~~In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.~~

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## COURT'S INSTRUCTION NO. 7
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. In deciding whether to draw an inference, you must consider all the facts in the light of reason, common sense and experience. After you have done that, it is for you to decide whether to draw a particular inference.

For example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# COURT'S INSTRUCTION NO.8
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# COURT'S INSTRUCTION NO. 9

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**COURT'S INSTRUCTION NO. 10**

**HOBBS ACT ROBBERY**
**(18 U.S.C. § 1951(a))**
**(Count I)**

The defendant is charged in Count I of the indictment with Hobbs Act Robbery, in violation of Section 1951(a) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant induced the victim to part with property by the wrongful use of threat of force or fear;

Second, the defendant acted with the intent to obtain the property that the defendant knew he was not entitled to receive;

Third, commerce from one state to another was affected in some way.

**COURT'S INSTRUCTION NO. 11**

**USING OR CARRYING A FIREARM DURING A CRIME OF VIOLENCE**
**(18 U.S.C. § 924(c)(1)(A)(ii) and 2)**
**(Count II)**

The defendant is charged in Count II of the indictment with Using or Carrying a Firearm During a Crime of Violence, in violation of Section 924(c)(1)(A)(ii) and 2 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of Hobbs Act Robbery as charged in Count I of the indictment;

Second, the defendant knowingly used, brandished, carried a firearm;

Third, the defendant used, brandished, carried the firearm during and in relation to the crime.

A defendant has "used" a firearm if he or she has actively employed the firearm in relation to the Hobbs Act Robbery. Use includes any of the following:

(1) brandishing, displaying a firearm

(2) referring to a firearm in the defendant's possession in order to bring about a change in the circumstances of the predicate offense.

(3) the silent but obvious and forceful presence of a firearm in plain view.

A defendant "carries" a firearm if the defendant knowingly possesses or carries the firearm.

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

# COURT'S INSTRUCTION NO. 12

## KNOWINGLY — DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# COURT'S INSTRUCTION NO. 13

## POSSESSION-DEFINED

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

# COURT'S INSTRUCTION NO. 14

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COURT'S INSTRUCTION NO. 15
### CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

# COURT'S INSTRUCTION NO. 16

## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**COURT'S INSTRUCTION NO. 17**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# COURT'S INSTRUCTION NO. 18

## VERDICT FORM

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

**COURT'S INSTRUCTION NO. 19**

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

# DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

UNITED STATES OF AMERICA,

       Plaintiff,

       vs.

VINCE P.T. GARRIDO,

       Defendant.

Criminal Case No. 07-00074

**VERDICT FORM**

### YOUR ANSWER TO THE FOLLOWING QUESTIONS MUST BE UNANIMOUS.

#### COUNT I- HOBBS ACT ROBBERY

We, the Jury, in the above-entitled cause unanimously find the defendant, VINCENT P.T. GARRIDO, with respect to the charge of Hobbs Act Robbery in violation of Title 18, United States Code, Section 1951(a) and (2):

_____ **NOT GUILTY**

_____ **GUILTY**

#### COUNT II- USING AND CARRYING A FIREARM DURING A CRIME OF VIOLENCE

We, the Jury, in the above-entitled cause unanimously find the defendant, VINCENT P.T. GARRIDO, with respect to the charge of Using and Carrying a Firearm During a Crime of Violence in violation of Title 18, United States Code, Section 924( c)(1)(A)(ii) and 2:

_____ **NOT GUILTY**

_____ **GUILTY**

Dated: November \_\_\_, 2007.

                          _____
                              FOREPERSON

# ☐ ORIGINAL

1  vincegarridoind

2  LEONARDO M. RAPADAS
   United States Attorney
3  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
4  Sirena Plaza, Suite 500
   108 Hernan Cortez Avenue
5  Hagåtña, Guam  96910
   PHONE:  (671) 472-7332
6  FAX:  (671) 472-7334

**FILED**
DISTRICT COURT OF GUAM

AUG 0 8 2007

JEANNE G. QUINATA
Clerk of Court

7  Attorneys for the United States of America

8  ## IN THE UNITED STATES DISTRICT COURT

9  ## FOR THE DISTRICT OF GUAM

10  UNITED STATES OF AMERICA,      ) CRIMINAL CASE NO. 07 - 00074

11                    Plaintiff,   ) **INDICTMENT**

12                                 ) **HOBBS ACT ROBBERY**
                                   ) [18 U.S.C. §§ 1951(a) & 2]
13       vs.                       ) (Count I)
                                   ) **USING AND CARRYING A FIREARM**
14                                 ) **DURING A CRIME OF VIOLENCE**
    VINCE P.T. GARRIDO,            ) [18 U.S.C. §§ 924(c)(1)(A)(ii) & 2]
15                                 ) (Count II)
                    Defendant.     )

16  _____)

17  THE GRAND JURY CHARGES:

18

19  ## COUNT I - HOBBS ACT ROBBERY

20       1.      At all times material to this Indictment, House of Liberty Game Room, District of

21  Guam, was engaged in the business of gaming and selling of retail and commercial items.  House

22  of Liberty Game Room's business operations affected interstate and foreign commerce.

23       2.      On or about March 21, 2007, in the District of Guam, VINCE P.T. GARRIDO,

24  the defendant, unlawfully, wilfully and knowingly, committed robbery, as that term is defined in

25  Title 18, United States Code, Section 1951(b)(1), by unlawfully taking and obtaining personal

26  property and property in the possession of Josh J. Ninete, a cashier and employee of the House of

27  Liberty Game Room, against that person's will, by means of actual and threatened force, and

28  -1-

violence, and fear of injury, immediate or future, to that person and that person's property, and property in that person's custody and possession, and thereby obstructed, delayed and affected commerce, and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), all in violation of Title 18, United States Code, Sections 1951(a) and 2.

## COUNT II - USING AND CARRYING A FIREARM DURING A CRIME OF VIOLENCE

3.  The Grand Jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs 1 and 2 as if fully set forth herein.

4. On or about March 21, 2007, in the District of Guam, VINCE P.T. GARRIDO, the defendant, unlawfully, knowingly, and wilfully, during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, namely, the Hobbs Act Robbery charged in Count One of this Indictment, used and carried a firearm, and in furtherance of such crimes, possessed such firearm, and brandished such firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

DATED this ___8th___ day of August, 2007.

A TRUE BILL.



Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

Reviewed:

By: _____
JEFFREY J. STRAND
First Assistant U.S. Attorney

-2-