JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:    (671) 472-7111
Facsimile:    (671) 472-7120

Attorney for Defendant
VINCE P.T. GARRIDO

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CR 07-00074 |
|---|---|---|
| Plaintiff, | ) ) ) | RESPONSE TO DRAFT PRESENTENCE REPORT |
| vs. | ) ) | |
| VINCE P.T. GARRIDO, | ) ) | |
| Defendant. | ) ) | |

Defendant, VINCE P.T. GARRIDO, by and through counsel, John T. Gorman, Federal Public Defender, respectfully accepts and adopts the findings of the Draft Presentence Investigation Report with the following exceptions.

**GARRIDO'S CORRECT TOTAL OFFENSE LEVEL FOR COUNT I, THE HOBBES ACT ROBBERY, IS 20.**

A      <u>The PSI's Proposed 5 Level Increase in Garrido's Offense Level for a Brandished or Possessed Firearm Is Barred by § 2K2.4.</u>

The Draft Presentence Investigation Report (PSI) proposes that Garrido receive a 5

level increase in his offense level for Count I, the Hobbs Act Robbery, pursuant to § 2B3.1(b)(2)(C), for possessing or brandishing a firearm. (Draft PSI, paragraph 27.) However, this proposed 5 level specific offense characteristic increase is barred by another section of the guidelines, § 2K2.4.

Application Note 4, <u>Weapon Enhancement</u>, of § 2K2.4, specifically bars this proposed enhancement.

> If a sentence under this guideline is imposed in conjunction with a sentence for the underlying offense, do not apply any specific offense characteristic for possession, brandishing, use or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

Application Note, <u>Background</u>, of § 2K2.4, repeats the prohibition.

> To avoid double counting, when a sentence under this section is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for explosive or firearm discharge, use, brandishing, or possession is not applied to such underlying offense.

Section 2K2.4 explicitly bans the proposed specific offense characteristic 5 level increase in Garrido's underlying offense of conviction, Count I, Hobbs Act Robbery.

B. <u>Garrido Should Receive a 2 Level Decrease in His Offense Level for Acceptance of Responsibility for the Count I Robbery as He Immediately and Consistently Admitted the Robbery and Never Disputed this at Trial</u>.

The PSI contends that Garrido has not demonstrated an acceptance of responsibility for the offenses. (PSI, paragraphs 22-23.) Garrido submits that he has always accepted responsibility for Count I, the Hobbs Act robbery, and he deserves the 2 level decrease pursuant to

§ 3E1.1 for that count.

Section 3E1.1(a) states, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels. The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. Section 3E1.1, Application Note 4.

Garrido did go to trial and under normal circumstances that would prevent him from receiving the acceptance of responsibility adjustment. However, he never disputed his guilt as to Count I, the Hobbs Act robbery.

Garrido was arrested on March 27, 2007, approximately 8 hours after the robbery. (PSI, paragraph 16.) He immediately agreed to cooperate and provided a statement. (PSI, paragraph 17.) He confessed to the Hobbs Act robbery. (PSI, paragraph 17.) Throughout the trial, from opening statement to closing argument, Garrido never disputed he committed the robbery. The sole issue at trial was Count II, Using or Carrying a Firearm During a Crime of Violence. The issue in Count II was whether the firearm was real or fake. From the time of his arrest, 8 hours after the robbery, up to now, Garrido has always accepted responsibility for Count I, committing the Hobbs Act robbery. As he has always accepted responsibility for Count I, he deserves the 2 level acceptance of responsibility reduction for Count I.

United States v. Ginn, 87 F.3d 367, ( 9th Cir. 1996) provides some guidance on this issue. In Ginn, the Ninth Circuit held that a defendant is not entitled to downward adjustment for acceptance of responsibility when he does not accept responsibility for all counts of which he is convicted. However, Ginn is distinguishable from this matter. In Ginn, the defendant pled guilty to one bank robbery and was convicted at trial of the other. At sentencing, both the guilty plea and

3

guilty verdict after trial were combined to form one offense level. The defendant asked that he be given acceptance of responsibility for the robbery he pled guilty to. Both the district court and the Ninth Circuit Court of Appeals denied the defendant's request as they reasoned he would receive a benefit on his offense level for both robberies even though he accepted responsibility for only one count. However, <u>Ginn</u> is distinguishable. In the instant case, the offense level for both counts is not combined as Count II is a mandatory minimum and must be consecutive. Garrido, unlike the defendant in <u>Ginn</u>, is only asking for acceptance of responsibility for the one count he never disputed.

## CONCLUSION

Thus, the correct offense level calculations for Count I are as follows. Base Offense Level of 20, pursuant to § 2B3.1(a), plus 2 levels for physical restraint of a person to facilitate commission of the offense, pursuant to § 2B3.1(b)(4)(B), minus 2 levels for acceptance of responsibility, for a Total Offense Level of 20.

DATED: Mongmong, Guam, April 23, 2008.

/s/ JOHN T. GORMAN



John T. Gorman
Federal Public Defender
District of Guam
Phone: (671) 472-7111
Facsimile: (671) 472-7120
GMT + 10:00 Hours

Attorney for Defendant
VINCE P.T. GARRIDO

4

## CERTIFICATE OF SERVICE

I, JOHN T. GORMAN, hereby certify that a true and exact copy of the foregoing document was electronically filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on April 23, 2008:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA


STEPHEN GUILLIOT
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, April 23, 2008

/s/ JOHN T. GORMAN



John T. Gorman
Federal Public Defender
District of Guam
Phone: (671) 472-7111
Facsimile: (671) 472-7120
GMT + 10:00 Hours

Attorney for Defendant
VINCE P.T. GARRIDO