JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:   (671) 472-7111

Attorney for Defendant
VINCE P.T. GARRIDO

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 07-00074 |
| | ) | |
| Plaintiff, | ) | SENTENCING MEMORANDUM |
| | ) | |
| vs. | ) | |
| | ) | |
| VINCE P.T. GARRIDO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Defendant, VINCE P.T. GARRIDO, by and through counsel, John T. Gorman, Federal Public Defender, respectfully submits that a sentence of 111 months imprisonment and 3 years of supervised release, $200 special assessment and $9,334 in restitution is a fair and just sentence and one that is sufficient, but not greater than necessary, to satisfy the dictates of 18 U.S.C. § 3553(a).

    This sentencing memorandum will address 3 issues. Initially, Garrido contends that his correct Total Offense Level for Count I is 22 as he should receive the 2 level downward adjustment for acceptance of responsibility. The advisory guidelines range for Total Offense Level 22 with a Criminal History Category I is 41-51 months. Garrido submits that as he has always

accepted responsibility for Count I, he should receive the minimum range sentence of 41 months.

Secondly, Garrido respectfully requests that this Court adjust his Count I sentence downward by approximately 14.5 months for the time he has spent in Guam Superior Court custody on this offense. A 14 month downward variance from 41 months equals a 27 month sentence on Count I.

Garrido respectfully requests that this Court sentence him to 27 months incarceration on Count I. This 27 month sentence on Count I combined with the minimum mandatory 84 month sentence on Count II equals a total sentence of 111 months incarceration.

Finally, this Court also should not order the requested $520 restitution for legal fees as this figure has no factual foundation. Garrido further respectfully requests that this Court make a judicial recommendation that he be allowed to participate in the Bureau of Prison's 500 hour residential drug treatment program.

## I. GARRIDO'S CORRECT TOTAL OFFENSE LEVEL FOR COUNT I, THE HOBBES ACT ROBBERY, IS 22.

<u>Garrido Should Receive a 2 Level Decrease in His Offense Level for Acceptance of Responsibility for the Count I Robbery as He Immediately and Consistently Admitted the Robbery and Never Disputed this at Trial</u>.

The Presentence Investigation Report (PSI) contends that Garrido is ineligible for the 2 level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, because he did not accept responsibility for <u>both</u> counts in the indictment. (PSI, paragraphs 22-23, PSI Addendum dated May 1, 2008.) Garrido submits that he has always accepted responsibility for Count I, the Hobbs Act robbery, and he deserves the 2 level decrease pursuant to § 3E1.1 for that

2

count.

Section 3E1.1(a) states, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels. The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. Section 3E1.1, Application Note 4.

Garrido did go to trial and under normal circumstances that would prevent him from receiving the acceptance of responsibility adjustment. However, he never disputed his guilt as to Count I, the Hobbs Act robbery.

Garrido was arrested on March 27, 2007, approximately 8 hours after the robbery. (PSI, paragraph 16.) He immediately agreed to cooperate and provided a statement. (PSI, paragraph 17.) He confessed to the Hobbs Act robbery. (PSI, paragraph 17.) Throughout the trial, from opening statement to closing argument, Garrido never disputed he committed the robbery. The sole issue at trial was Count II, Using or Carrying a Firearm During a Crime of Violence. The issue in Count II was whether the firearm was real or fake. From the time of his arrest, 8 hours after the robbery, up to now, Garrido has always accepted responsibility for Count I, committing the Hobbs Act robbery. As he has always accepted responsibility for Count I, he deserves the 2 level acceptance of responsibility reduction for Count I.

This is an unusual scenario and counsel has been unable to find any Ninth Circuit case law directly on point. United States v. Ginn, 87 F.3d 367, ( 9th Cir. 1996) does however provide some guidance. In Ginn, the Ninth Circuit held that a defendant is not entitled to downward adjustment for acceptance of responsibility when he does not accept responsibility for all counts of

3

which he is convicted. However, <u>Ginn</u> is distinguishable from this matter. In <u>Ginn</u>, the defendant was charged with two separate bank robberies in one indictment. The defendant pled guilty to one bank robbery and was convicted at trial of the other. At sentencing, both the guilty plea and guilty verdict after trial were combined to form one offense level. The defendant asked that he be given acceptance of responsibility for the robbery he pled guilty to. Both the district court and the Ninth Circuit Court of Appeals denied the defendant's request as they reasoned he would receive a benefit on his offense level for both robberies even though he accepted responsibility for only one count. Clearly <u>Ginn</u> is distinguishable. In the instant case, the offense level for both counts is not combined as Count II is a mandatory minimum and must be consecutive. Garrido, unlike the defendant in <u>Ginn</u>, would not receive an unwarranted acceptance of responsibility benefit on Count II as the counts are not combined. Garrido is only asking for acceptance of responsibility for the one count he never disputed at trial and he is not requesting a bonus benefit for the other count.

**II. GARRIDO SHOULD RECEIVE A 14.5 MONTH DOWNWARD VARIANCE ON HIS COUNT I SENTENCE TO REFLECT THE TIME HE WAS INCARCERATED ON THIS SAME OFFENSE DUE TO GUAM SUPERIOR COURT CHARGES.**

Garrido has been in jail since his arrest by the Guam Police Department on March 22, 2007, 8 hours after the robbery. He was charged initially in Guam Superior Court and detained. As the PSI notes in paragraph 43, "The offense conduct is the basis of the instant case." He was arraigned on these federal charges on August 10, 2007. But he has no federal incarceration credit as he was already in Guam Superior Court custody at the inception of this case. He will have 422 days or approximately 14.5 months in custody on this offense as of the scheduled sentencing on June

4

5, 2008. It is undisputed that the Federal Bureau of Prisons will not give Garrido credit for this time not spent in a federal institution. Simple justice demands that he be given credit for the time he has been incarcerated on this offense.

Section 5G1.3 of the Guidelines, **Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment**, governs this situation but is not exactly on point. This is because in the U.S. mainland, it is almost unheard of for both the federal and local court systems to charge a defendant at the same time for the same offense. But subsections (b) and (c) of § 5G1.3 are applicable here.

> . . . .
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B.1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) of Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> >
> > (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve <u>a reasonable punishment for the instant offense</u>.

5

. . . .

Emphasis added.

Application Note D of § 5G1.3 also provides an example roughly synonymous with our situation here. In this example the sentencing judge adjusts the defendant's 13 month sentence downward by six months to give the defendant credit for time spent in state custody for the same offense conduct.

. . . .

> (D) <u>Example</u>. - The following is an example in which subsection (b) applies an adjustment to the sentence is appropriate:
>
> The defendant is convicted of a federal offense charging the sale of 40 grams of cocaine. Under § 1B1.3, the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court. The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 12-18 months (Chapter Two offense level of level 16 for sale of 55 grams of cocaine; 3 level reduction for acceptance of responsibility; final offense level of level 13; Criminal History Category I). The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instate federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result.

. . . .

The language of Application Note E of § 5G1.3 is also instructive. It recommends a downward departure for conduct that is only partially within the relevant conduct for the instant

6

offense and states in pertinent part:

> (E) . . . . However, in an extraordinary case involving an undischarged term of imprisonment under subsection (c), it may be appropriate for the court to downwardly depart. This may occur, for example, in a case in which the defendant has served a very substantial period of imprisonment on an undischarged term of imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense. In such a case, a downward departure may be warranted to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings. . . . .

Garrido's case is even stronger than the example in Application Note E as his Guam Superior Court conduct is the exact same relevant offense conduct. Garrido's sentence should not be increased unduly by the fortuity and timing of the Superior Court and Federal Court prosecutions and sentencings.

Justice and fair play demand that Garrido's sentence be adjusted downward for the time he has already spent in prison for this robbery.

### III. THE VICTIM'S LEGAL FEES SHOULD NOT BE PAID BY GARRIDO AS THERE IS NO SUFFICIENT FACTUAL FOUNDATION

Ms. Shinohara's $520 in legal fees should not be awarded by this court in restitution. There is no explanation as to how these alleged legal fees are related to this robbery. Restitution must be based on a sufficient factual foundation and the requested restitution has no factual foundation.

### IV. CONCLUSION

Garrido's submits that his correct Total Offense Level for Count I is 22 as he deserves the 2 level downward adjustment for acceptance of responsibility. The advisory guidelines range

for Total Offense Level 22 with a Criminal History Category I is 41-51 months. As he accepted responsibility on Count I, the minimum sentence of 41 months is appropriate.

Justice and equity mandate that Garrido's Count I sentence be adjusted downward by approximately 14.5 months for the time he has spent in Guam Superior Court custody on this offense. 41 months minus 14 months equals a 27 month sentence on Count I.

Garrido respectfully requests that this Court sentence him to 27 months incarceration on Count I. Combined with the mandatory minimum 84 months on Count II, the total recommended sentence is 111 months. This Court also should not order the requested $520 restitution for legal fees as this figure has no factual foundation.

DATED: Mongmong, Guam, May 15, 2008.

/s/ JOHN T. GORMAN

*John T. Gorman*
Federal Public Defender
District of Guam
Phone: (671) 472-7111
Facsimile: (671) 472-7120
GMT + 10:00 Hours

Attorney for Defendant
VINCE P.T. GARRIDO

8

## CERTIFICATE OF SERVICE

I, JOHN T. GORMAN, hereby certify that a true and exact copy of the foregoing document was electronically filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on May 15, 2008:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

STEPHEN P. GUILLIOT
U.S. Probation Officer Specialist
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, May 15, 2008.

/s/ JOHN T. GORMAN



John T. Gorman
Federal Public Defender
District of Guam
Phone: (671) 472-7111
Facsimile: (671) 472-7120
GMT + 10:00 Hours

Attorney for Defendant
VINCE P.T. GARRIDO