vincegarridoppo

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500 Sirena Plaza
108 Hernan Cortez Ave.
Hagatna, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00074 |
| Plaintiff, | |
| vs. | **OPPOSITION TO DEFENDANT'S MOTION FOR 3E1.1 REDUCTION** |
| VINCE P.T. GARRIDO, | |
| Defendant. | |

Defendant was found guilty after a jury trial on November 20, 2008. He was found guilty of two offenses: Count I - Hobbs Act Robbery in violation of 18 U.S.C. §1951(a) and Count II - Using and Carrying a Firearm During a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(ii). During trial, defense counsel argued before the jury that his client accepted responsibility for Count I - the Hobbs Act Robbery. He argued that the sole issue was whether the firearm used in the robbery was a real firearm.

For Count I, defendant's offense level calculates at Level 24 (which includes a two level increase for physical restraint of the victim, and a two level increase for threat of death). Level 24 is punishable by a guideline term of 51-63 months, and Count II is punishable by a mandatory consecutive term of 84 months to life imprisonment.

At Sentencing on May 8, 2008, victim Phillip Sablan (Security Guard) testified that as a result of the robbery he was placed in great fear, and that he still experiences fear to this date. He testified that he is concerned that the co-defendant is at large in the community. He related that after the robbery, he changed his job to a desk job where he monitors alarms. He stated that he avoids game rooms. He expressed concern that as a result of calling the police and testifying at trial, the defendant and the co-defendant "know him now". He is changing his place of residence to avoid being located by the defendant and co-defendant. Phillip Sablan also testified that the Cashier, Joshua Ninete was in great fear. He knew this because Ninete was unwilling to stand up after the robbery and had to be prodded to move and call police. He states that as a witness he has "done his part" and he asks the Court to now do its part and to do "what's best".

The Sentencing was continued to June 5, 2008 at 1:30 p.m. for the parties to submit briefings on three issues: 1) whether the defendant qualifies for a 3E1.1 decrease in spite of the fact he went to trial; 2) whether the court should order restitution in the form of attorney fees to Elizabeth Shinohara; and 3) whether the defendant should receive credit for time served in the form of a "variance" for an undischarged sentence.

### I. The 3E1.1 Motion

Defense argues that because defendant Garrido only went to trial on the issue of whether the firearm was a "real firearm", that he should qualifies for a downward adjustment based on 3E1.1.

The Government notes, however, that defendant did go to trial on both counts and was found guilty of both counts. Rather than pleading guilty, during opening and closing argument, the defense admitted to the jury that the defendant committed the House of Liberty Gameroom robbery and was not contesting the first count. However, both counts were the subject of jury deliberation.

The United States' Sentencing Guide states as follows:

**3E1.1. Acceptance of Responsibility.**

(A) if the defendant clearly demonstrates acceptance of responsibility for his offense,

decrease the offense level by 2 levels.

The Application Notes state:

1) In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:

(a) truthfully admitting the conduct **comprising the offense(s)** of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.

(b) voluntary termination or withdrawal from criminal conduct or associations;

( c) voluntary payment of restitution prior to adjudication of guilt;

(d) voluntary surrender to authorities promptly after commission of the offense;

(e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

(f) voluntary resignation from the office or position held during the commission of the offense;

(g) post-offense rehabilitative efforts (e.g., counseling or drug treatment); and

(h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. 3E1.1, (emphasis added).

The application notes, #3 provides further guidance and states "**Entry of a plea of guilty prior to the commencement of trial** combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under 1B1.3 (relevant conduct) (see application Note 1(a)), **will constitute significant evidence of acceptance of responsibility for subsection (a)**. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."

The Government opposes the 3E1.1 departure for defendant Garrido.

First, defendant did not enter a plea of guilty "prior to the commencement of trial",

instead, both of the counts were submitted to the jury after presentation of the evidence. By not entering a plea of guilty prior to trial, the court should not equate counsel's opening and closing comments during trial with a formal change of plea hearing. Argument at trial is not "significant evidence of acceptance of responsibility." Additionally, at no point did the defendant take the stand and admit to the conduct in Count I.

Second, defendant did not clearly accept responsibility for his offense(s). His counsel at opening and closing argument informed the jury that Count I was not in issue, however, submission of the charges to the jury may have resulted in an acquittal on one or even both of the counts. He did not "clearly" accept responsibility for his offenses contained in Count I and Count II, indeed, it is not clear at all that he accepted responsibility for either of the Counts as they were both submitted to the jury and there was no formal admission of guilt on Count I pursuant to Federal Criminal Rules of Procedure Rule 11. Defendant did not "clearly accept responsibility" for either count. Even if the Court were to construe that opening and closing arguments constitution clear acceptance of responsibility, defendant is not entitled to a downward adjustment under 3E1.1. Defendant's request for a departure is a remarkable post-trial attempt to minimize exposure. He should not be permitted to reap this benefit.

In U.S. v. Ginn, 87 F.3d 367 (9th Cir. 1996), the Ninth Circuit addressed the issue of whether a defendant who went to trial on one count merited a decrease for acceptance of responsibility. In U.S. v. Ginn, defendant committed two separate robberies. On October 3, 1994, he committed a robbery using an automatic weapon at the Union Bank. He was identified through eyewitnesses and through a photographic lineup. Five days later, on October 13, 1994 defendant robbed the Home Savings Bank and was caught fleeing the scene. Ginn, at 369.

Ginn was charged in a superceding indictment with the robberies of both the Union Bank and the Home Savings Bank, he was also charged with a separate count of using a firearm during the commission of the Union Bank robbery. Defendant then pled guilty to the armed robbery of the Home Savings Bank and went to trial on the Union Bank robbery count. After trial, the district court found him guilty of robbing the Union Bank, but not guilty of using a firearm in that robbery. Ginn, at 369. Defendant argued that he was entitled to a 3E1.1 departure because

he admitted (by pleading guilty) to one count in the indictment.

The Ninth Circuit framed the issue as follows: "The issue before us is whether a defendant must accept responsibility for all crimes of which he is convicted to obtain an adjustment for acceptance of responsibility under section 3E1.1. We agree with the Third and the Fifth Circuits that a defendant is not entitled to an adjustment when he does not accept responsibility for all of the counts of which he is convicted. United States v. McDowell, 888 F.2d 285, 293 (3rd Cir. 1989); United States v. Kleinebrel, 966 F.2d 945, 951-53 (5th Cir. 1992)." U.S. v. Ginn, 87 F.3d 367, 371.

The Ninth Circuit analyzed the issue as follows: "Under section 1B1.1, the district court first must determine the base offense level for each count of conviction. Then, the court must determine the combined offense level of such counts under part D of Chapter Three. Only after this combined offense level is computed is an adjustment made for acceptance of responsibility. Eaton, 934 F.2d at 1080. Because an adjustment for acceptance of responsibility is made only after the combined offense level is computed, the Sentencing Guidelines do not "contemplate calculating acceptance of responsibility for each offense." McDowell, 888 F.2d at 293. The application notes to section 3E1.1 support this conclusion. Application note 1(a) provides that, in determining whether a defendant is entitled to an adjustment for acceptance of responsibility, "appropriate considerations include ... (a) truthfully admitting the conduct comprising the **offense(s)** of conviction..." U.S.S.G. §3E1.1, comment. (n.1(a))**. Because the application note uses the plural form of "offense[s]," the note implies that a defendant must accept responsibility for all crimes of which he or she is convicted before the defendant is eligible for an adjustment under section 3E1.1"** U.S. v. Ginn, 87 F.3d 367, 371. (emphasis added)

Notably, defendant Garrido did not plead guilty to any of the counts at all. He did not take responsibility for Count I at a change of plea hearing. He condoned both counts to be presented to the jury and did not spare the government the expense of trial on Count I. "The eligibility for decreased sentence upon acceptance of responsibility is aimed at encouraging those accused of crime to come clean, to admit their wrongdoing, and to spare the government the expense, burden, and risk of prosecuting them." United States v. Bonanno, 146 F.3d 502,

512-13 (7th Cir. 1998). He is not entitled to an adjustment when he does not accept responsibility for **all** of the counts of which he is convicted.

## II. The Motion for Credit for Time Served

Defendant has not been convicted in the local court and his case is set on the trial setting calendar in the Superior Court of Guam. Since there is no local "sentence", application of 5G1.3 is inapplicable. Given the absence of a local conviction and the absence of legal citation or authority on this issue, defendant's motion should be denied.

## III. Restitution Request

The government agrees that a factual explanation from the victim is warranted. Since this is a violent offense and the victim may be reticent to appear in the District Court, the victim Ms. Elizabeth Shinohara should be permitted to supplement her request for restitution in the form of a written affidavit.

## CONCLUSION

Defendant did not voluntarily enter into a guilty plea. Instead, he opted to present his defense to the jury on both Counts I and Counts II. He is ineligible for a downward adjustment based on 3E1.1. The absence of a "term of imprisonment resulting from another offense" renders 5G1.3 inapplicable. The victim should be permitted to provide clarification to the District Court in written form.

DATED this 16th day of May, 2008.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: /s/ Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney